**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )      Cause No. 1:21-CR-32-HAB |
| | ) |
| PAYNE RANDLE | ) |

**OPINION AND ORDER**

This Court denied Defendant's motion to suppress evidence seized from his home. (ECF No. 63). But still pending is Defendant's motion to suppress evidence seized from a related traffic stop. That motion is now fully briefed (ECF Nos. 66, 69, 70) and ripe for ruling.

**I.      Factual Background**

The investigation into Defendant's alleged drug trafficking activities was discussed extensively in the Court's last order (ECF No. 63 at 1-4). That discussion is incorporated here.

While officers were surveilling Defendant's home in preparation to serve a search warrant, they observed a Hyundai arrive and park in the driveway. A man, later identified as Defendant, exited the home, and placed three containers, two buckets and a duffel bag, into the Hyundai's trunk. The Hyundai then left the home.

The lead investigator, Det. Daniel Radecki ("Radecki"), believed that the containers contained drugs. So he asked another officer, Corporal Andrew Brenneke ("Brenneke"), to stop the Hyundai. Brenneke did so. Brenneke spoke with the driver, Marilyn Armour ("Armour"), who told Brenneke that she had stopped at a nearby home, the occupant wasn't there, and she left. Brenneke knew this information was false. As Brenneke was running Armour's license, Radecki arrived with his K9 partner, Brix. Brix signified the presence of narcotics near the rear driver's-side taillight. A search of the Hyundai's trunk uncovered 100 grams of methamphetamine, 20

grams of cocaine, and 280 grams of marijuana in the buckets and duffel bag. Firearms, ammunition, and firearm magazines were also found in the trunk.

## II.    Legal Discussion

To claim the protection of the Fourth Amendment, a defendant must show a reasonable expectation of privacy in the place that was searched. *Minn. v. Carter*, 525 U.S. 83, 88 (1998). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Ill.*, 439 U.S. 128, 134 (1978); *Alderman v. United States*, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.").

The parties agree that Defendant did not own the Hyundai and was not in the Hyundai when it was searched. Yet Defendant asserts that he has standing to object to the search of the vehicle, and the containers in it, because he had a possessory interest in those containers.[1] The Court rejects this argument.

Defendant advances two primary arguments. First, he claims that because possession of the narcotics found in the search are an element of the crimes charged, he has "automatic standing" under *Jones v. United States*, 362 U.S. 257 (1960). But the Government notes, and Defendant apparently agrees, that *Jones*' concept of automatic standing was abrogated by the United States Supreme Court in *United States v. Salvucii*, 448 U.S. 83, 95 (1980). So much for argument one.

Next, Defendant claims that his possessory interest in the containers gives him standing to object under *United States v. Lisk*, 522 F.2d 228 (7th Cir. 1975). The Court struggles to see how

---

[1] The Court agrees with the Government that Defendant has not established, through evidence, that he has a possessory interest in the containers. Defendant's possessory interest exists only in the arguments of counsel. But because the Court finds Defendant's interest in the containers to be irrelevant, it need not delve further into this issue.

Defendant reaches this conclusion. In *Lisk*, the parties stipulated to the facts on appeal. Gerard Lisk placed a pipe bomb in the trunk of a car owned by Michael Hunt, asking Hunt to hold the bomb until Lisk asked for it back. Lisk had no interest in Hunt's car but, according to the stipulation, Lisk retained a possessory interest in the bomb. Days later, police seized the bomb from the trunk. According to the stipulation, it was conceded that "the search of the automobile and the subsequent seizure of the [bomb] were unlawful." *Id*. at 229.

> [Lisk's] position may be simply stated. He had a property interest in the alleged firearm and therefore is entitled to Fourth Amendment protection against its seizure. The remedy for a violation of his constitutional right is suppression of the evidence and return of the property. The government's response is equally simple: only Hunt's privacy was invaded by a search of the trunk of his car, and therefore [Lisk] has no standing to challenge the constitutionality of the search or to object to the admissibility of evidence obtained thereby. In short, [Lisk] contends that his interest in the property establishes his standing; the government contends that the absence of any invasion of his privacy forecloses standing.

*Id*. at 229-30. These arguments sound similar, if not identical, to the arguments presented here.

The problem for Defendant is that the Seventh Circuit rejected Lisk's argument. After noting the difference between a search and a seizure, the Seventh Circuit explained:

> Hunt's car was searched and [Lisk's] property was seized. The invasion of Hunt's privacy was a violation of Hunt's Fourth Amendment rights, but this violation is clearly not available to [Lisk] as a basis for suppressing evidence acquired thereby. [Lisk] must rely on the seizure of the firearm as a violation of his own Fourth Amendment rights. But if we assume that his rights were untouched by the search of Hunt's car, as far as [Lisk] is concerned the case is the same as though the firearm had been found in plain view in a public place and then seized.
>
> [Lisk's] ownership of the bomb might give him standing to challenge such a seizure, but it would not establish its invalidity. If the seized item was contraband or the product of criminal activity, it was clearly subject to seizure; indeed, since the decision in *Warden v. Hayden*, even if it was mere evidence, a reasonable belief that it would aid in a particular apprehension or conviction would be sufficient justification for its seizure. *See* 387 U.S. at 307, 87 S.Ct. 1642. If the seizure was lawful, the evidence is admissible against [Lisk] even though it could not be used against Hunt because it was found during a search which violated his Fourth Amendment rights.

*Id.* at 230-31. With that, the Seventh Circuit summarily rejected the very argument Defendant advances here.

The Court concedes that Judge Swygert's concurrence gives Defendant's argument more credence. Judge Swygert states that, had the search been directed at Lisk, Swygert would have found standing to contest the search under *Alderman*, 394 U.S. at 174. *Lisk*, 522 F.2d at 231. And the search of Armour's car was directed at Defendant. But the Court cannot find any Seventh Circuit holding that adopts Judge Swygert's rationale. Judge Swygert's thoughts appear to be his own, and the Court cannot conclude that they make up substantive Seventh Circuit law that is controlling here. *See Wicks v. Ford Motor Co.*, 421 F. Supp. 104, 106 (N.D. Ind. 1976).

Because Defendant did not have standing to challenge the search of Armour's car, the Court need not address the merits of his illegal search arguments. *See United States v. Carlisle*, 614 F.3d 750, 760 (7th Cir. 2010) ("Because Carlisle cannot validly assert a Fourth Amendment challenge to the search of the backpack, we do not reach the merits of whether the search was proper."). His motion to suppress is denied.

## III.    Conclusion

For these reasons, Defendant's motion to suppress evidence seized from Armour's car (ECF No. 38) is DENIED.

SO ORDERED on October 24, 2023.

   s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT